Court

Original

FILED
U.S. DISTRICT COURT

Anthony V. Fail
3383 Hector Drive
West Valley City, Utah 84119
801-604-5180

2005 NOV 16  A 10: 55

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| Anthony V. Fail<br><br>PLAINTIFF<br><br>VS.<br><br>West Valley Municipal City, and<br>West Valley City Police Deptartment, and,<br>West Valley City Prosecutors Office, and<br>Ryan D. Robinson.<br><br>DEFENDANTS | CIVIL RIGHTS COMPLAINT<br><br><br>Judge Ted Stewart<br>DECK TYPE: Civil<br>DATE STAMP: 11/16/2005 @ 10:54:17<br>CASE NUMBER:  2:05CV00947  TS |
|---|---|

Jurisdiction is proper in this court according to:
42 U.S.C.§ 1983

1. <u>The plaintiff</u>, (Anthony V. Fail) hereinafter the plaintiff, is a citizen of the State of Utah, and resides at 3383 West Hector Drive in West Valley City, Utah 84119

2. <u>The first defendant</u>, (West Valley Municipal City) hereinafter called (defendants 1) is the partner/employer and supervisors of defendants 2, 3, and 4 named herein and is thus liable for all actions of the partner/employees named within this civil rights complaint.

   West Valley Municipal City is located at 3636 Constitutional Blvd. West Valley City, Utah 84119.

   Defendant 1 did play an acting part within this civil rights violation against the plaintiff named herein, and was aware of the commission of the violation by their partner/employees.

3. <u>The second defendant</u>, (West Valley City Police Department) hereinafter called (defendant 2), is employed by defendant 1. as the policing agency for the city of West Valley.

   The West Valley City Police Department is located at 3575 South Market Street in West Valley City, Utah 84119.

The job assignments and duties of defendant 2 vary from monitering vehicle traffic to the further extent of investigating all known felony crimes, which includes arresting those known offenders and reporting that criminal information to the prosecutors office for prosecution.

Within that same job description, defendant 2 could be assigned to make inquires with regard to complaints and/or informations submitted to the prosecutors office from a citizen regarding a felony crime having been committed.

The second defendant did play an acting part in the commission of the civil rights violation against the plaintiff named herein.

4. The third defendant, (West Valley City Prosecutors Office) hereinafter called (defendants 3),is the employee of the first defendant, and the partner/employer and/or supervisor of defendant 1, 2, and 4 named herein, and is liable for actions for the partner/employee named within this civil rights complaint.

West Valley City Prosecutors Office is employed by West Valley Municipal City, and is located at 3575 South Market Street in West Valley City, Utah 84119, and is the employer of defendant 3.

The job duties of defendants 3 are to receive, investigate, and prosecute all criminal informations submitted by police or by citizen.

Defendant 3 did play an acting part in the commission of the civil rights violation against the plaintiff named herein.

4. The forth defendant, (Ryan D. Robinson) hereinafter called (defendant 3) is employed by theWest Valley City Prosecutors Office, and by West Valley Municipal City as a prosecuting attorney.

The known address of defendant 4 is his office at 3575 South Market Street in West Valley City, Utah where he is employed.

The job duties of defendant 4 are to recieve, investigate, and to prosecute in a court of law all criminal informations submitted by police or by citizen.

Defendant 4 did play an acting part in the commission of the civil rights violation against the plaintiff.

## NATURE OF CASE

The plaintiff is bringing this case to the United States District Court and explains the reasons and circumstances as follows:

In order to minimize written explaination with regard to this civil rights complaint, the plaintiff requests that the court, and the defendants see, (attachments A.) which is the original filing of a related case to this complaint.

In reading through attachment A. it will be discovered upon page 6, paragraphs 6 and 7, that the plaintiff makes statement that West Valley City, and its Prosecutors Office, and one Ryan D. Robinson had been contacted regarding exposure of these many officers for criminal prosecution of the commission of their crimes against the plaintiff.

Furthermore, on page 8 of attachment A. beginning with paragraphs 3, and on to the bottom of that same page, it is stated again that multipal letters of correspondence, (copies of those same criminal informations) were sent out to:
  A. Mr. Ryan D. Robinson and/or the West Valley City Prosecutors Office.
  B. An attorney, (Jason Rammell - West Valley Legal Defenders), and,
     Sylvia Kralic (attorney at law)
  C. Channel 4 News.
  D. The West Valley District Court, (the Chief Judge).
  E. The Office of the Attorney General

Additionally, on page 9 paragraph 5 thru the bottom of that page, (request for relief), it is stated by the plaintiff that not one of the above named defendants appeared to be responding to the plaintiffs demand for equal justice of the law, ( punishment of the offending police officers, and restitution paid to the plaintiff/victom).

The entire content of attachnemt A. explains the severity of the civil rights violation. The actual police negligence of their firing of explosive weapons within the plaintiffs home, and without a legal search warrant it would not have been called accidental death should someone of the plaintiffs family been killed, it would have been called murder.

On page 11, (Certificate of Service) it clearly shows that West Valley Municipal City, Murry Municipal City, and Sandy Municipal City had been made aware of the situation regarding the illegal actions of their police officers, and of the civil rights violations having been committed against the plaintiff by those police officers, also of the attempts of the plaintiff to acquire equal justice from West Valley Municipal City, its judicial system, and of the West Valley City Prosecutors Office / Ryan D. Robinson in the form of punishment of the many cities officers involved within that illegal search, and of the wanton aggravited destruction of the home, and of the peril brought upon the plaintiff and his family.

The second defendant had knowledge of the crimes committed against the plaintiff that are explained within (Attachment A.), and as officers of a governmental policing agency they were then bound by duty, of oath of office, and as a citizen to expose their knowledge of the offenses of those offending officers to their city's prosecutors office for investigation and the prosecution of those felony offenses committed against the plaintiff.

The civil rights violation committed against the plaintiff by each of the defendants named above and within this Civil Rights Complaint, is that all or each of the defendants had the authority and the ability to provide to the plaintiff his constitutional rights to equal protection of the laws and equal justice according to the laws of this United States, and of this State of Utah as was requested and demanded of the defendants, yet the defendants chose to ignore, and to deny the plaintiff of his equal rights to the laws of justice by not bringing criminal prosecution against those many police officers in a timely manner as is the defendants sworn duty of their official capacity to provide to the plaintiff as a citizen of this state, and in not allowing the plaintiff to gain repayment for the illegal damages and atrocities caused and performed against the plaintiff and his family in the form of restitution acquired through the timely criminal prosecution of the police officers in a court of law.

Each of the above named defendants are guilty of violating the plaintiffs rights to equal protection of the law, and of equal justices of the laws as is guaranteed to the citizens of this United States, by denying him, the plaintiff, these rights and accesses to the use of the laws provided within the Utah State and United States Constitution artical X1V, section 1. (quote of the last sentence therein), nor deny to any person within its jurisdiction the equal protection of the law

.

## PLAINTIFFS STATEMENT

State Attorney General, Mark Shurtliff, is the prosecuting attorney for the State of Utah, yet return correspondences from the office of the Attorney General to the plaintiff with regard to the punishment or of bringing criminal charges against the officers named within civil case no. 2:04-CV-1094, explain to the plaintiff that it is required of the offices of the West valley City Prosecutor to bring criminal charges against those offending officers, that the plaintiff as a citizen could not file those charges personally in the courts of the law, and that the offices of the Attorney General cannot assist the plaintiff in the matter of filing criminal charges against the multipal cities and their policing officers involved in those criminal offenses.

Within return correspondence from the office of the West Valley City District Court, (response to informations sent to the chief judge about the city prosecutor Ryan Robinson's failure to respond to the criminal accusations and informations submitted for the prosecution. of same), the District Court offered the same explaination as did the Attorney Generals Offices. I the plaintiff could not personally file the criminal charges against the cities or their police officers, that it is a requirement of law because of the criminal degree of those offenses that the prosecuter within the city of the commission of the offense file and prosecute those crimes committed against the plaintiff.

The West Valley City Prosecutors Office, and prosecutor Ryan D. Robinson both failed and/or refused to offer any return response to the multipal letters of request and demand for equal justice for the plaintiff in the form of investigating and filing of criminal charges against the offenders named within Attachment A.

It is a law of every state of these United States that if a citizen or authoritive figure is aware, or made aware of a felony having been commited of any degree of offense, that a citizen and authoritive figure alike are bound by the laws of this land to report said crime to the proper authorities, or if in an athoritive position to do so, that authority is bound by law and oath to commense the timely investigation and prosecution of those known offenders of their offenses.
(Federal Law) 2921.22 - (A) <u>Failure to report a crime</u>.
No person knowing that a felony has been committed, shall knowingly fail to report such information to law inforcement authorities

The plaintiff asserts that all of the defendants named within this complaint, and all of the agencies named upon the certificate of service on page 11 of (Attachment A) were and are aware of a crime having been commited by several policing agencies against the plaintiff named herein, and that they the named defendants refused and/or denied to the plaintiff access to the courts systems which could provide to the plaintiff equal protection from crime, and equal justice and punishment for crimes having been committed against the plaintiff and his family.

All of the defendants, and all of those named on the certificate of service on Attachment A. are guilty of with holding or concealing evidence for a criminal prosecution of their brother law inforcement officers, and because of their official capacity they are also guilty of breeching their oath of office, in that they failed and/or refused to protect the constitution of state and country, and the rights of the plaintiff named herein.

The plaintiff submitted to all of the named defendants multipal informations with regard to the crimes having been commited against the plaintiff by all of the defendants named within Attachment A. prior to any statute of limitation for bringing criminal charges against cities and their policing agencies having come into affect. The lost window for filing charges cannot be an acceptable excuse from the defendants.

### REQUEST FOR RELIEF

Because the defendants whom are named within this complaint refused, denied, or otherwise failed to provide to the plaintiff timely legal assistance in the matter of investigation and prosecution of the defendants named within (Attachment A), their (the defendants) concealing of this matter from the justice system which deprived the plaintiff of his rights to restitution from the offenders named within (Attachment A.)the plaintiff must seek redress through them with the use of this civil rights complaint.

Therefore, the plaintiff seeks restitution from the defendants named within this civil rights complaint for damages done to the home, furniture, and other irreplacable personal items destroyed, and for personal cleaning labors involved, in the amount of $10,000.00

Also, for restitution for the value of the tools and other merchandice unlawfully taken/removed from the plaintiffs home and never returned, the plaintiff seeks the amount of $7,500.00 to be paid to the plaintiff from all of the defendants named within this complaint.

Additionally, and because of the severity of the crimes committed against the plaintiff by the police officers as is explained in (Attachment A), capped with the failure or refusal by the defendants named within this complaint to provide to the plaintiff his right to equal justice of the law, and their (the defendants) own breeching of their oath of office to uphold, protect, and to support the United States Constitution and the laws of the State of Utah, the plaintiff therefore seeks punitive damages from each defendant in this case in the amount of $150,000.00 per defendant making the sum amount to be $617,500.00

I Anthony V. Fail the plaintiff named within the above civil rights complaint, does swear under oath and penalty of perjury that all of the forgoing statements are true and correct, and do now submit this document to the United States District Court for filing on this the 16th day of November 2005

_Anthony V. Fail - (plaintiff)_

Anthony Vaughn Fail  
U.S.P. #36211  
C2 01B  
C.U.C.F.  
P.O. Box 550  
Gunnison, Utah 84634

Page 1

**RECEIVED CLERK**

NOV 18 2004

U.S. DISTRICT COURT

FILED  
CLERK, U.S. DISTRICT COURT  
2004 DEC -6 P 4:55  
DISTRICT OF UTAH  
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH  
CENTRAL DIVISION

Anthony Vaughn Fail  
(PLAINTIFF)

VS.

(Attachment A)

A. West Valley Municipal City  
B. West Valley City Police Dept.  
C. Detective Eric Reed  
D. Det. Alan Call #8083  
E. Det. Brian Weismann  
F. Det. _____ Dain  
G. Det. _____ Coleman  
H. Det. _____ Mauer  
I. Det. _____ Spillman  
J. Sgt. Patrick McLenon #8136  
K. Sgt. _____ Day  
L. Investigator James L. May #8418  
M. Murry Municipal City  
N. Murry City Police Dept.  
O. Murry City Police Swat Team  
P. Murry City Police K-9 Unit  
Q. Sandy Municipal City  
R. Sandy City Police Dept.  
S. Sandy City Police Swat Team  
T. 10 John Does

DEFENDANTS

CIVIL RIGHTS COMPLAINT  
42 U.S.C. § 1983

Judge Paul G. Cassell  
DECK TYPE: Civil  
DATE STAMP: 12/06/2004 @ 16:53:19  
CASE NUMBER: 2:04CV01094 PGC

Jurisdiction is proper in this court according to:  
42 U.S.C. § 1983

4

Page 2

The plaintiff/Victom, Anthony Vaughn Fail, hereinafter the plaintiff, is a citizen of the state of Utah, and is at present an inmate of the Utah State Prison in Gunnison, Utah. The plaintiff's present mailing address is:

Anthony Vaughn Fail
U.S.P. # 36211
Ceder 2 O1B
C.U.C.F.
P.O. Box 550
Gunnison Utah 84634

The defendants listed A. thru L. are either, Departments, agencies, or acting entities/agents of West Valley Municipal City in the State of Utah, and the correct mailing address for defendants A. thru L. is:

A. West Valley Municipal City
3600 Constitution Blvd.
West Valley City Utah 84119

B:1. West Valley City Police Dept.
3600 Constitution Blvd.
West Valley City, Utah, 84119

The above defendants A. thru L. although perported to be West Valley City Police Dept. agents, were not acting under authority of law in regard to this Civil Rights Complaint.

The defendants listed M. thru P. are either Departments, agencies, or entities/agents of Murry Municipal City in the State of Utah, with the address of:

Case 2:05-cv-00947-TS   Document 1   Filed 11/16/05   PageID.8   Page 8 of 17
Case 2:04-cv-01094-PGC-SA   Document 4   Filed 12/06/2004   Page 3 of 11

Page 3

M. Murry Municipal City Hall
   5025 South State Street
   Murry City, Utah 84107

N.-P. Murry City Police Department
   5025 South State Street
   Murry City Utah 84107

    The above listed defendants M. thru P. although perported to be agents of Murry Municipal City, State of Utah, were not at any time acting under the authority of law in regard to this Civil Rights Complaint.

    The defendants listed Q.R.S. are either Departments, Agencies or entities/agents for Sandy Municipal City in the State of Utah, and with the mailing/service address of:

Q. Sandy Municipal City Hall
   10000 Centennial Pkwy.
   Sandy City, Utah 84094

R.S. Sandy City Police Department
   10000 Centennial Pkwy,
   Sandy City Utah 84094

    The above listed defendants Q.R.S. although perported to be agents of Sandy Municipal City, Utah, were not at any time acting under the authority of the law in regard to this Civil Rights Complaint.

Page 4

The above listed defendants T.-10 John Does, shall be considered, other men or K-9's of the same above named agencies whom are yet un-named, and were/are party in the offense named in this civil rights complaint.

(Nature Of Case)

(1) I the named Plaintiff assert that all of the above listed and named defendants conspired with one another in violating the Plaintiffs constitutional rights named in the 4th ammendment concerning search and seizure of the plaintiffs home.

(2) The defendants performed a home invasion on the Plaintiffs residence of 1475 West Carlos Dr. in West Valley City Utah, without the official authority of a correct search and seizure warrant carring a magistrates wet ink signature.

(Cause of Action)

On the relevant date of Febuary 9th 2001, at the address of 1475 West Carlos Drive in West Valley City Utah, each of the above named defendants partisipated in, and executed an illegal home invasion upon the above address of the Plaintiff and his family.

The Plaintiff, his wife 34 yr old Christy Hussain, and their 11 month old son Anthony J. Fail were eating dinner when the defendants busted into the front and back doors of the mentioned address, at which time the adults were attacked and thrown to the floor, this action was followed by the defendants launching explosive devises through the house windows (Percussion Granades) causing thousands of dollars in damages, and placing the life of the Plaintiff and family in jeopardy with large shards/spears of broken glass flying through the home.

The Plaintiff and wife were handled with sevien treatment, and were seperated at times from our young son.

We were forced at gun point to move to other rooms of the house answering questions,

Page 5

We were told that we were suffering a search and seizure warrant for narcotics, and a clandestine laboratory.

The defendants destroyed furniture, clothing, irreplaceable family pictures trampled into the now muddy carpets.

My family was confined to the now freezing living room without proper warmth, as the door was open, and front window out onto the floor

All of us had been Kidnaped, assaulted, robbed, and a clear case of aggravated Child Endangerment.

The defendants did not find any narcotics, nor any part or even the slightest hint of a clandestine laboratory.

So the defendants proceeded to load up tools, trailor & welder, household papers, telling the Plaintiff that they were taking these items to check and see if the items were stolen.

They stole all of this merchandise. They took our home computer.

To top all of these atrocities, the defendants took the keys to the plaintiffs pickup truck, and used the truck to pull away the Plaintiffs trailor & welder, and to haul away the other items.

After several hours all of the defendants exited our home, I and my wife were left still setting in the freezing living room in handcuffs alone for approx. 10 minutes.

One of the defendants, Det Eric Reed then came back into the home and proceeded to inform me, the Plaintiff, that my truck was parked about one block west with the keys in the ignition, and proceeded to warn I and my wife that he had left a search warrant of the refriderator in our kitchen. And he warned us that we were lucky, and that we had better be glad we were not in jail and our son taken away from us.

We were told not to have any more trouble with the authorities and to watch out they were watching us. Detective Eric Reed told us he was going to bust us, to stay away from the police.

Case 2:05-cv-00947-TS   Document 1   Filed 11/16/05   PageID.11   Page 11 of 17
Case 2:04-cv-01094-PGC-SA   Document 4   Filed 12/06/2004   Page 6 of 11

Page 6

Eric Reed removed our handcuffs and walked out the open front door of the Plaintiffs now freezing and demolished home.

The Plaintiff and his father whom lived next door, spent the next several hours securing the doors, and covering the broken windows with a layer of plastic in an attempt to bring heat back into the home.

Then as the new day was beginning, Feb 10th 2004, the plaintiff went to the refriderator to retrieve what all of the defendants claimed was their search warrent.

The search warrent was a real enough form, except that it was not filled out or signed, (IT WAS BLANK.) The search warrant had the Plaintiffs name and address typed into it, and the form writing went as far as giving permission to search for items described as:

That was it, nothing is listed following that last word, (as:) nothing!! Furthermore the fraudulent warrant does not carry a magistrates wet ink siguiture.

The forged/fraudulent document that the defendents claimed to be a genuine search and seizure warrent is now in a safty deposit box awaiting the West Valley City Prosecutors Office to require it as evidence in the criminal prosecution of the defendants named within this complaint.

The Plaintiff, Anthony V. Fail, has provided to the West Valley City Prosecutors Office, Mr. Ryan Robinson, all of the written information and a signed statement/complaint for that Prosecutors office to commence criminal prosecution of the several 1st and 2nd degree felonies that the named defendents in this Civil Rights Complaint committed against the Plaintiff and other victoms, (Plaintiffs family)

On the Morning of Febuary 10th 2004, Sgt. Patrick McLenon whom was once again actively harrassing the Plaintiff, did arrive at the Plaintiffs

Case 2:05-cv-00947-TS   Document 1   Filed 11/16/05   PageID.12   Page 12 of 17
Case 2:04-cv-01094-PGC-SA   Document 4   Filed 12/06/2004   Page 7 of 11

Page 7

home to inforce the threats of the night before that the Plaintiff and his family not try to cause them, the defendants, any trouble.

When the Plaintiff instructed Sgt McLenon to leave the property, Sgt McLenon made agressive gestures at the Plaintiff, and did threaten the Plaintiff in front of his family with arrest and jail. Upon walking away the Sgt explained that he has been down the street watching our every move, and that we had better not even spit on the road, and at that point advised us to sell our home and move out of West Valley City.

For the following 2 years or more, the same defendants made it common practice to stop any and all of the Plaintiffs family members and friends, doing illegal searches, and writing illegal citations on vehicles.

I the Plaintiff does now assert in this writing that we the victoms of this atrosity have been relieved of our home in West Valley City, Utah, that the family has in fact moved out of that City, and no longer fear repercussions of filing criminal and civil rights complaints against the defendants.

Note: On the same relevant date of Febuzry 9th 2001, these same named defendants were performing a related home invasion approx ½ mile distance from this Plaintiffs home, where the defendants were traveling back and forth between the two home invasions sites. The same form, (incomplete or blank search warrant) was used upon that address also.
   Even after that victom being threatened by the same defendants named herein, That victom, Herman Drain, contacted Mr. Brian Barnard of the Utah Legal Clinic, and caused the filing of a Civil Rights Complaint regarding the illegal home invasion, and the same Blank search warrant was shown Brian Barnard.
   The complaint was filed within this same United States District Court between March 01, 01 and June 01-01. However, the complaint did not get fully processed or served upon the

Page 8

defendants, but a phone call was used to contact them instructing them that the case was filed but should not be heard.

West Valley City contacted Brian Barnard / Herman Drain, and the case was settled out of court. (Several thousand Dollar award)
Detective Eric Reed was released from the agency he represented, and now works for Knight Transportation in the state of Arizona, Ph# 602-269-2000 Phoenix Am.

The Plaintiff's family has just this year (2004) been able to sell the home and move out of the county of Salt Lake, and the Plaintiff no longer has a fear of the threats from these defendants. Therefore the Plaintiff, Anthony Vaughn Fail, has caused that a criminal information has been delivered to the office of Ryan Robinson, a West Valley City Prosecutor, and has explained to his office a more complete statement of the crimes committed by the defendants named in this civil rights complaint.
Copies of the criminal information were mailed to Channel 4 News, because that news channel covered the advertised invasion, its only right they be made aware of illegal search that actually took place.
Copies were also sent to an attorney, the West Valley District Court, and the Attorney Generals office.
The criminal information charged all of the defendants with:

(1) Aggrivated Robbery, (2) Aggrivated Assault (3) Aggrivated Kidnaping
(4) Child Kidnaping (5) Auto Theft (6) Aggravated Burglary
(7) Aggravated Child Indangerment (8) Forgery (9) Posession of a Forged Document.

The Plaintiff has mailed questioning correspondence to Mr. Ryan Robinson, inquiring about his present actions towards the submitted informations, and have received no response. The Plaintiff, (myself) asked for restitution be paid the Plaintiff and family for the same cash amounts mentioned herein.

Case 2:05-cv-00947-TS   Document 1   Filed 11/16/05   PageID.14   Page 14 of 17
Case 2:04-cv-01094-PGC-SA   Document 4   Filed 12/06/2004   Page 9 of 11

Page 9

### (Statement)

The Plaintiff has the so-called search warrant that was left upon the Plaintiffs refridgerator, and will produce it when the prosecutor of the court filing the criminal information will require it as evidence of the forged or false document used.

The West Valley City Police Department asked me if they could copy my original forged document when the Plaintiff approached their office asking them for a copy.

West Valley City could not upon several written requests within the last year, or on prior dates, produce for the plaintiff either a police copy, or a court copy of a search warrant that could have supported the home invasion as legal.

The Plaintiff asserts that there does not exist an officially authorized and correct search and seizure warrant to justify the home invasion performed upon the address of 1475 West Carlos Drive in West Valley City Utah on the evening of Febuary 9th of 2001. Nor is there any reason each of the defendants named herein should not be prosecuted on several 1st Degree criminal charges, and the defendants made to pay the Plaintiff and other victoms for mental anguish.

### (Request For Relief)

The Plaintiff claims that it appears that the justice system may fail to file the criminal informations submitted within the time statute of 4 years of the circumstance, and so may not get to acquire the restitution sought.

Therefore, the plaintiff would request relief in this civil rights complaint for damages to home, furniture, irreplacable items, and for the cleaning labor in the amount of $10,000.00

In Addition the police estimated the value of the tools that they themselves removed from the Plaintiff's home to estimate at approx $20,000.00. The actual loss of the defendant on un-returned tools and merchandice is $7,500.00.

Case 2:05-cv-00947-TS Document 1 Filed 11/16/05 PageID.15 Page 15 of 17
Case 2:04-cv-01094-PGC-SA Document 4 Filed 12/06/2004 Page 10 of 11

Page 10

therefore for the loss of tools, trailor and welder, the plaintiff seeks $7,500.00 the repay the plaintiff for those losses.

In addition, as a punishment for the very sevier negligence on the part of the defendants, in that lives were placed into danger at the onset of the illegal invasion, and that the invasion did cause ongoing mental trama upon the plaintiff and other victoms, The Plaintiff therefore seeks punitive damages in the amount of $1,750,000.00 (One Million Seven Hundred Fifty thousand) Dollars

The total amount sought will be $1,767,000.00 and asks that the court recognize that the parties/defendents from West Valley City Departments were/are the major partisipants, and that the awards to the plaintiff be collected from the defendants accordingly.

I Anthony V. Fail, the Plaintiff within the above Civil Rights Compleint swear under oath and penalty of perjury that all of the forgoing statements and informations are true and correct, and do now submit this writing respectfully to the United States District Court for filing.

Submitted this 10th day of November 2004

*[signature]*

Anthony V. Fail
Plaintiff / victom

Case 2:05-cv-00947-TS  Document 1  Filed 11/16/05  PageID.16  Page 16 of 17
Case 2:04-cv-01094-PGC-SA  Document 4  Filed 12/06/2004  Page 11 of 11

Page 11

## Certificate of Service

I Anthony Vaughn Fail, certify that a true and correct copy of the foregoing Civil Rights Complaint, has been delivered to the following listed agencies, and/or parties and defendants named within the complaint via United States Postal Service.

Office of the Court Clerk Rm. 150
Frank E. Moss United States Courthouse
350 South Main Street
Salt Lake City, Utah 84101

Sylvia Kralik
8828 South Sheffield Way
Sandy City, Utah 84093

West Valley City Hall
3600 Constitution Blvd.
West Valley City, Utah 84119

Murry City Municipal Hall
5025 South State Street
Murry City, Utah 84107

Sandy City Municipal Hall
10000 Centennial Parkway
Sandy City, Utah 84094

Channel 4 News  (This news team interviewed Herman Drein, and aired some of that footage. I think that Channel 4 owes some more aired footage to the victims)

Respectfully submitted this 10th day of November 2004

Anthony Fail
Plaintiff

Hole Center Theati.
across from E Center
Ragtime

5400 South
2400
10.15
4991 Ghost
South wheler
4400 West West
5070
5070 West Feb
69
69