IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANTHONY V. FAIL,<br>Plaintiff,<br><br>vs.<br><br>WEST VALLEY MUNICIPAL CITY, WEST VALLEY CITY POLICE DEPARTMENT, WEST VALLEY CITY PROSECUTOR'S OFFICE, and RYAN D. ROBINSON,<br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:05-CV-947 TS |

Plaintiff, proceeding pro se, has filed this Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff brings this action against West Valley City, the West Valley City Police Department, the West Valley City Prosecutor's Office, and Ryan D. Robinson, a West Valley City prosecutor. Plaintiff's Complaint sets out four causes of action: (1) breach of duty/personal injury; (2) violation of the Fourteenth Amendment; (3) violation of federal law 2921.22-(A) Failure to Report a Crime; and (4) violation of Plaintiff's right to restitution.

Defendants have brought this Motion to Dismiss arguing that: (1) the Police Department and the Prosecutor's Officer are not legal entities amenable to suit; (2) Plaintiff's allegations are

not actionable civil rights violations; (3) Plaintiff's claims against Robinson are barred by prosecutorial immunity; and (4) Plaintiff's claims against the city are not actionable and are already pending before Judge Cassell in another case. Defendants also seek reasonable costs and attorneys' fees and an order precluding Plaintiff from filing additional lawsuits against them without representation of counsel. The Court will address each of Defendants' arguments in turn.

## I. 12(b)(6) STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[1] "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[2] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[3] This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[4]

---

[1] *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[2] *Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[3] *Id*. at 1110.

[4] *Id*.

## II. ANALYSIS

### A. THE POLICE DEPARTMENT AND THE PROSECUTOR'S OFFICE ARE NOT AMENABLE TO SUIT

The West Valley Police Department and the West Valley City Prosecutor's Office are divisions of West Valley City. Defendants argue that the Police Department and the Prosecutor's Office are not legal entities and are not amenable to suit.

The Supreme Court has stated that a department of a city enjoys "no greater separate identity" from the municipality than would an official acting in his official capacity.[5] The Tenth Circuit has dismissed a § 1983 claim against a police department because the department was not a suable entity separate from the city itself.[6] This Court, per Judge Greene, has held that a school has no independent status from a school district and cannot be separately liable under § 1983.[7] Since the Police Department and Prosecutor's Office do not enjoy a separate identity from West Valley City, the Court will deem Plaintiff's Amended Complaint to be against Defendant West Valley City and will dismiss the Police Department and the Prosecutor's Office as Defendants.

### B. PLAINTIFF'S ALLEGATIONS ARE NOT ACTIONABLE

Plaintiff sets forth four causes of action: (1) breach of duty/personal injury; (2) violation of the Fourteenth Amendment; (3) violation of federal law 2921.22-(A) Failure to Report a Crime; and (4) violation of Plaintiff's right to restitution.

---

[5]*Brandon v. Holt*, 469 U.S. 464, 472 (1985).

[6]*Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *remanded to consider mootness*, 475 U.S. 1138 (1986), *on remand*, 800 F.2d 230 (10th Cir. 1986).

[7]*See also Buachman v. West High School*, 900 F.Supp. 254, 264 (D. Utah 1995).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[8]

1. BREACH OF DUTY

Plaintiff's first cause of action asserts that Defendants breached their duty to report, investigate, and/or prosecute any and all criminal defenses. Plaintiff's first cause of action sounds in negligence.

Liability under § 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant and not upon mere negligence.[9] Since Plaintiff's first cause of action is a negligence claim, it is not actionable under § 1983.

2. THE FOURTEENTH AMENDMENT

Plaintiff's second cause of action asserts a violation of the Fourteenth Amendment, in particularly, the Equal Protection Clause. Plaintiff alleges that Defendants denied him the equal protection of the laws by choosing to conceal the crimes of their fellow officers and disregarding Plaintiff's requests to investigate and prosecute those who committed crimes against him and his family.

Plaintiff has pointed to no constitutional or statutory provision which requires the investigation of criminal complaints. The Tenth Circuit, in an unpublished opinion, has stated that there is no federal constitutional or statutory right to require the investigation of criminal

---

[8] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[9] *Murrell v. School Dist. No. 1, Denver, Colo.*, 186 F.2d 1238, 1250 (10th Cir. 1999).

complaints.[10] Plaintiff's second cause of action fails to state a claim upon which relief may be granted.

3. FEDERAL LAW 2921.22-(A)

Plaintiff's third cause of action alleges a violation of federal statute 2921.22-(A). Plaintiff's Complaint alleges that this provision reads as follows: "No person knowing that a felony has been committed, shall knowingly fail to report such information to law inforcement (sic) authorities." The Court can find no such statute or anything similar. Since no such law seems to exist, Plaintiff's third cause of action fails to state a claim.

4. RIGHT TO RESTITUTION

Plaintiff's fourth cause of action alleges that Defendants have denied him the right to restitution. Plaintiff has withdrawn his request for restitution and has requested the Court dismiss this portion of his Complaint.[11] As a result of this request, the Court will dismiss Plaintiff's fourth cause of action.

C. DEFENDANT ROBINSON IS ENTITLED TO PROSECUTORIAL IMMUNITY

Plaintiff claims that Defendant Robinson violated his civil rights by failing to prosecute those who allegedly wronged Plaintiff. The Supreme Court, in *Imbler v. Pachtman*,[12] held that prosecutors are entitled to absolute immunity brought pursuant to § 1983 for activities "intimately associated with the judicial phase of the criminal process."[13] The Tenth Circuit has

---

[10]*Khan v. Lucas*, 33 Fed. Appx. 381, 383 (10th Cir. 2002).

[11]Docket No. 10, at 4.

[12]424 U.S. 409 (1976).

[13]*Id*. at 995.

held that "[a] decision not to prosecute is a decision that is protected by that immunity."[14] The decision not to prosecute "is similar to a decision to prosecute and is shielded for the same reasons."[15] For these reasons, Defendant Robinson is protected by prosecutorial immunity and Plaintiff's claims against him must be dismissed.

D. PLAINTIFF'S SUPERVISOR LIABILITY CLAIMS ARE PENDING BEFORE THE COURT

Plaintiff's supervisor liability claims are currently pending before Judge Cassell.[16] Therefore, the Court will not comment on these. But for the reasons discussed above, Plaintiff's Amended Complaint will be dismissed in this matter.

E. ATTORNEY'S FEES AND COSTS

A prevailing party may be awarded attorneys' fees in an action brought pursuant to 42 U.S.C. § 1983.[17] "A prevailing defendant in a civil rights action may recover attorneys' fees under 42 U.S.C. § 1988 if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'"[18] "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."[19]

---

[14] *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982).

[15] *Id.*

[16] 2:04-CV-1094 PGC.

[17] *See* 42 U.S.C. § 1988(b).

[18] *Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)).

[19] *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations omitted).

An example of where this high burden was met can be found in *Crabtree v. Muchmore*.[20] There, the Tenth Circuit held that either attorneys' fees or Rule 11 sanctions were appropriate where the plaintiffs sued a judge, despite his absolute judicial immunity, on a claim based on a property interest that both a state court and a federal bankruptcy court had determined did not exist.[21] The court held that "no attorney . . . could believe that absolute judicial immunity would not bar the action against [the defendant judge]."[22] For these reasons, Rule 11 sanctions or attorneys' fees were appropriate and the case was remanded for the district court to apportion fault between the plaintiff and counsel.[23] The Tenth Circuit has stated that *Crabtree* "underscores the rare circumstances in which a suit is truly frivolous so as to warrant an award of attorneys' fees to the defendant."[24]

Defendants have not met the high burden required. While Plaintiff has failed to state a claim upon which relief may be granted, this case is not one of those rare circumstances in which a suit is truly frivolous. Therefore, the Court will deny Defendants' request for fees and costs.

F. DEFENDANTS' REQUEST FOR AN ORDER PRECLUDING PLAINTIFF FROM FILING ADDITIONAL LAWSUITS AGAINST THEM WITHOUT COUNSEL

Defendants have also requested an order from the Court precluding Plaintiff from filing additional lawsuits against the City, its agents, and its employees without representation of

---

[20] 904 F.2d 1475 (10th Cir. 1990).

[21] *Id*. at 1477–78.

[22] *Id*. at 1477.

[23] *Id*. at 1479.

[24] *Clajon Production Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995).

counsel. The Court finds that Defendants have not presented a sufficient justification for such an order. Therefore, the Court will deny Defendants' request.

III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 7) is GRANTED. It is further

ORDERED that Defendants' request for fees and costs is DENIED. It is further

ORDERED that Defendants' request for an order precluding Plaintiff from filing additional lawsuits against the City, its agents, and its employees without representation of counsel is DENIED.

The clerk of the court is directed to close this case forthwith.

DATED February 6, 2006.

BY THE COURT:

TED STEWART
United States District Judge